IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COOPER CLINIC, P.A.                                                                                          PLAINTIFF

v.                                        Case No. 2:14-CV-02233

MERCY CLINIC FORT SMITH COMMUNITIES;
MERCY HEALTH FORT SMITH COMMUNITIES;
DONALD SHOWS, M.D.; JOHN WERNER, DPM;
WILLIAM KNUBLEY, M.D.; JENNIFER ELAINE
BURKS, M.D.; and SISTERS OF MERCY HEALTH
SYSTEM SAINT LOUIS                                                                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiff Cooper Clinic, P.A.'s ("Cooper") motion to remand (Doc. 30) and brief in support (Doc. 31); Defendants Mercy Clinic Fort Smith Communities, Mercy Health Fort Smith Communities, and Sisters of Mercy Health System Saint Louis's (collectively "the Mercy Defendants") response in opposition (Doc. 32); and Cooper's reply (Doc. 34). For the reasons set forth below, the Court finds the motion to remand should be granted.

Cooper's complaint (1-2, p.2) was originally filed on August 2, 2013, in the Circuit Court of Sebastian County, Arkansas. The complaint alleged state-law causes of action for breach of contract, tortious interference with contractual relationships and business expectancies, violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), unjust enrichment, and civil conspiracy. On September 27, 2013, Cooper filed a first amended complaint (Doc. 1-3, p. 120) in response to a motion to dismiss and a motion for more definite statement filed by the Mercy Defendants in state court. The first amended complaint alleged the same causes of action, but added factual information in support of Cooper's allegations. Cooper filed a second amended complaint on January 17, 2014

adding Dr. William Knubley as a defendant, but again listing the same causes of action. On October 6, 2014, Cooper filed a third amended complaint (Doc. 10), again asserting the same causes of action, but adding as a theory of liability that the Mercy Defendants' actions were wrongful[1] in that they violated provisions of federal law, namely 42 U.S.C. § 1395nn ("Stark Law")[2] and 42 U.S.C. 1320a-7b ("Anti-Kickback Statute").[3] Cooper did not, however, assert any independent federal causes of action.

Following Cooper's filing of the third amended complaint, the Mercy Defendants filed a motion to dismiss Cooper's "federal stark and anti-kickback claims." (Doc. 21, p.1). In that motion, the Mercy Defendants recognized "Cooper does not state new causes of action against Mercy, but instead attempts to rely on these alleged federal statutory violations in support of its existing claims

---

[1] "Improper" action is an element of tortious interference with contract under Arkansas law; "unconscionable" action is an element of a claim made pursuant to the ADTPA. *See, e.g.*, *Baptist Health v. Murphy*, 365 Ark. 115, 125 (2006) (violation of state and federal anti-kickback statutes could be considered as evidence of impropriety). Unjust enrichment encompasses the notion that a person or entity "has received money or its equivalent that, *in equity and good conscience*, he or she ought not to retain." *Hatchell v. Wren*, 363 Ark. 107, 117 (2005) (emphasis added).

[2] "Enacted as amendments to the Social Security Act, the Stark Statute, 42 U.S.C. § 1395nn prohibits, *inter alia*, a hospital from submitting Medicare claims for payment based on patient referrals from physicians having a prohibited 'financial relationship' (as defined in the statute) with the hospital. The Stark Statute establishes the clear rule that the United States will not pay for items or services ordered by physicians who have improper financial relationships with a hospital. Violation of the Stark Statute may also subject the billing entity to exclusion from participation in federal healthcare programs and various financial penalties." *United States v. Rogan*, 459 F. Supp. 2d 692, 711 (N.D. Ill. 2006).

[3] "The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), prohibits any person or entity from offering, making, or accepting payment to induce or reward any person for referring, recommending, or arranging for federally funded medical services, including services provided under the Medicare and Medicaid programs." *Rogan*, 459 F.Supp.2d at 714. "Compliance with the Anti-Kickback Statute is a condition of payment by the Medicare and Medicaid programs. Violations of the statute can also subject the perpetrator to exclusion from participation in federal healthcare programs and . . . civil monetary penalties . . . ." *Id*. (citing 42 U.S.C. §§ 1320a-7(b)(7) and 1320a-7a(a)(7)).

against Mercy . . . ." *Id*. On November 3, 2014, the Mercy Defendants removed the case to this Court, with the consent (Doc. 1-1) of the remaining defendants, based on the assertion that Cooper's state-law claims necessarily raise a federal issue. (Doc. 1). In support of their notice of removal, the Mercy Defendants argue that "Cooper's ostensible state-law claims now hinge on the interpretation of two federal statutes" as they are "based on alleged violations of the federal Stark law and the Anti-Kickback Statute." (Doc. 3, p.2).

"Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." *Id*. (internal citation omitted). "As relevant here, Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States . . . .'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting 28 U.S.C. § 1331). Generally, a case will "arise under" federal law "when federal law creates the cause of action asserted." *Id*. "But even where a claim finds its origins in state rather than federal law . . . [the Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id*. (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). Although the Supreme Court has recognized that case law on this "slim category" of federal jurisdiction is "unruly," the Court has clarified the inquiry that a district court should conduct when determining if a case contains an embedded federal question sufficient to confer jurisdiction:

[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1)

> necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id*. (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). Applying the requisite inquiry to this case, it is clear that Cooper's claims do not arise under federal law.

First, Cooper's third amended complaint does not necessarily raise a federal issue, as Cooper can prevail on each of its state-law claims without proving a violation of either the Stark Law or the Anti-Kickback Statute. Violation of those federal statutes is simply one theory of liability on which Cooper could potentially prevail.[4] Cooper did not add any new causes of action in its third amended complaint. Cooper added reference to the federal Stark Law and Anti-Kickback Statute in support of the alternate and additional theory that the previously-pleaded facts also constituted violations of federal law, which could be used as evidence supporting a finding of wrongful conduct. There is no federal jurisdiction where a plaintiff can succeed on its state-law claims regardless of a finding on any implicated federal issue. *See Central Iowa Power Coop. v. Midwest Ind. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 913-14 n.2 (8th Cir. 2009) (finding no federal jurisdiction where plaintiff could succeed on its state-law claims regardless of whether the defendants violated a contract having "the same legal force as a federal regulation"); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194-95 (2d Cir. 2005) ("Where a federal issue is present as only one of multiple theories

---

[4] The Mercy Defendants argue that Cooper cannot prevail on any alternate theory. Whether or not Cooper may ultimately prevail on any alternate theory is of no import to the Court's analysis of whether remand is appropriate. Absent federal jurisdiction, issues of state law should be left to the states. And issues of fact must be left to the trier of fact.

that could support a particular claim, however, this is insufficient to create federal jurisdiction."); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816-17 (4th Cir. 2004) ("A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue.").

Looking at the second and third *Gunn* requirements together, there is no actual dispute concerning a substantial question of federal law in this case, as there is no dispute as to the validity, construction, or effect of the Stark Law or Anti-Kickback Statute.[5] The Supreme Court has "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable*, 545 U.S. at 313. In order for a claim to present a substantial federal issue for purposes of invoking embedded-federal-question jurisdiction, a state-law claim must "'really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law.'" *Id.* (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)). Cooper has raised no controversy in regard to the validity, construction, or effect of either the Stark Law or the Anti-Kickback Statute. Rather, the federal issue raised by Cooper in this case is a fact-dependent determination of whether Defendants may have generally violated those federal statutes, which violations could be used as evidence in determining whether Defendants' conduct was sufficiently wrongful to establish one element of various state-law claims. Therefore, the dispute in this case is one of fact, and the potential for application of federal law to those facts does not

---

[5] The Mercy Defendants argue that there is a substantial federal issue in that Cooper is using the Stark and Anti-Kickback Statutes in novel ways that are contrary to law. The Court cannot find, however, that Cooper's reliance on the Stark and Anti-Kickback Statutes is either novel or prohibited. *See, e.g.*, *Baptist Health*, 365 Ark. at 126 n.5 ("The circuit court correctly noted that while [the Anti-Kickback Statutes] create no private right of action, a violation may be considered evidence of impropriety" in determining whether an entity improperly interfered with a contractual relationship.).

implicate a substantial federal controversy sufficient to merit "claiming the advantages thought to be inherent in a federal forum." *Id.*; *see, e.g., Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 908-11 (7th Cir. 2007) (holding no federal question jurisdiction over plaintiffs' state-law, negligence claims founded upon federal aviation laws where the case did not involve any particular disputed issue of federal law or challenge any federal agency or employee action, but instead involved a "fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law").

Finally, the exercise of federal jurisdiction over this case would be disruptive of the federal-state balance approved by Congress.  There is no private cause of action under either the federal Stark Law or the Anti-Kickback Statute.  It is unlikely that Congress would make no provision for a federal cause of action but nonetheless intend for federal courts to adjudicate state-law claims that raise federal laws or standards solely as a referential measuring stick for wrongful conduct. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1987) ("Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purpose and the federal system.").  While the Court recognizes that a federal cause of action is not "a necessary condition for federal-question jurisdiction," the absence of such cause is nonetheless relevant to considerations of congressional intent. *Grable*, 545 U.S. at 2365.  In this case, the consequences to the federal system of allowing jurisdiction would cause a disruption in the federal-state balance more akin to that considered by the Supreme Court in *Merrell Dow* (finding no jurisdiction over state-law claim implicating federal labeling standard) than to that considered by the Supreme Court in *Grable* (finding jurisdiction over a rare state quiet-title action involving

contested federal-law issues). To allow for federal jurisdiction in cases such as this one would open the gates of the federal courts to any number of garden-variety, state-law claims and allow a plaintiff to get into federal court by mere citation to a federal statute or regulation. The Court cannot find that such an exercise of jurisdiction would be in line with congressional intent.

For the reasons set forth above, the Court finds that Cooper's claims do not necessarily raise a federal issue that is actually disputed, substantial, or would be capable of resolution in federal court without disrupting the federal-state balance approved by Congress. In short, the Mercy Defendants have failed to show that Cooper's claims satisfy any one of the four criteria required by the Supreme Court in *Gunn* to be met in order to properly exercise federal jurisdiction over state-law claims.

Cooper requests that it be awarded its costs and attorneys' fees accrued due to unwarranted removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court finds that the Mercy Defendants in this case did not have an objectively reasonable basis for removal. The Mercy Defendants' arguments in support of removal were all foreclosed by available case law. Even if certain of the Mercy Defendants' arguments could be viewed as objectively reasonable, the arguments cannot be said to be objectively reasonably when viewed in their totality, as the Mercy Defendants failed to satisfy any one of the four requisite criteria listed in *Gunn*. The removal of this case has unnecessarily delayed this litigation and expended the resources of the parties, counsel, and the Court. The Court therefore awards Plaintiff its reasonable costs and attorneys' fees associated with the removal and remand of the action to be paid by the Mercy

Defendants as the removing defendants.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (Doc. 30) is GRANTED, and this case is REMANDED to the Circuit Court of Sebastian County, Arkansas.

Cooper is directed to submit to the Court a detailed and itemized statement of reasonable costs and attorneys' fees incurred as a result of the removal and remand proceedings. This itemized statement must be filed on or before Monday, February 16, 2015.  The Mercy Defendants will have until Friday, February 20, 2015 to file any response. The parties are, however, strongly encouraged to confer with each other in an attempt to mutually resolve the issue of costs and fees to be awarded.

IT IS SO ORDERED this 3rd day of February, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE