IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COOPER CLINIC, P.A.                                                                                         PLAINTIFF

v.                                              Case No. 2:14-CV-02233

MERCY CLINIC FORT SMITH COMMUNITIES;
MERCY HEALTH FORT SMITH COMMUNITIES;
DONALD SHOWS, M.D.; JOHN WERNER, DPM;
WILLIAM KNUBLEY, M.D.; JENNIFER ELAINE
BURKS, M.D.; and SISTERS OF MERCY HEALTH
SYSTEM SAINT LOUIS                                                                                    DEFENDANTS

**ORDER**

On February 2, 2015, the Court entered an order granting Plaintiff's motion to remand this case to state court. (Doc. 38). In that order, the Court found that Defendants' removal of the matter was not objectively reasonable under the facts and circumstances and awarded Plaintiff its reasonable costs and attorneys' fees associated with the removal and remand of the action. It appears the parties were unable to come to an agreement regarding the amount of costs and fees owed. Plaintiff seeks an award of attorneys' fees in the total amount of $21,122.00 and costs in the total amount of $1,417.20. Defendants argue that Plaintiff's counsel's hourly rate is unreasonable and that the total number of hours expended in opposing remand is excessive.

**I.        Discussion**

The starting point for determining a reasonable amount of attorneys' fees is the time-based lodestar determination, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). In determining the lodestar, a court may consider such facts as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.  The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of the lawyer's services."  *Id*. at 433.  There is a strong presumption that the lodestar method yields a "reasonable" fee.  *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010).

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828–29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)). The Court finds that the hourly rates charged by Plaintiff's counsel in this case are reasonable for the work performed.  Defendants cite to this Court's opinion in *Hewitt v. Gerber Products Co.*, for the proposition that the Court should award no more than $275 per hour for a senior attorney and $225 per hour for a junior attorney.  2014 WL 4494736 at *3 (W.D. Ark. July 18, 2014).  That case, however, involved different attorneys and different issues, resulting in a different lodestar analysis. This Court specifically found that the issues involved in *Hewitt*, while technical, were not especially complex.  In that context, the Court noted that it "awarded attorneys' fees . . . based on the unreasonableness of Defendants' removal of the action, not on the merits of the claims raised.  The only issues before this Court were matters of procedure and jurisdiction."  *Id*.  Here, the Court had

to analyze the substantive reasonableness of the Mercy Defendants' asserted basis for federal jurisdiction—an embedded federal question—which implicated complex issues of law. Based on the Court's experience, rates of $290 per hour for a senior partner and $245 per hour for a junior partner are reasonable, especially in light of the issues presented in this case.

A district court has discretion to determine the number of hours to be awarded when conducting the lodestar calculation. *See Fires v. Heber Springs Sch. Dist.*, 2014 WL 2441955 at *2 (8th Cir. June 2, 2014) (reviewing district court's decision to classify hours as excessive for abuse of discretion and "giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them"). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitetd). Prevailing parties are not entitled to recover for hours claimed that were not "reasonably expended." *Hollowell v. Gravett*, 723 F. Supp. 107, 108 (E.D. Ark. 1989) (quoting *Hensley*, 461 U.S. at 433).

The Court has thoroughly reviewed the billing statement submitted by Plaintiff and finds that Plaintiff's counsel's requested hours are reasonable. While Defendants argue that the hours claimed by Plaintiff should be reduced, Defendants do not specifically challenge any billed entry or entries. Rather, Defendants appear to argue generally that their basis for removal was so without merit as to make the time Plaintiff spent responding to it excessive. The Court cannot agree. Regardless of the ultimate ruling on the merits of Defendants' position, Defendants advocated that position zealously, and Plaintiff appropriately responded in kind.

Plaintiff also requests $1,417.20 in costs. Defendants did not submit any argument against

or objection to Plaintiff's asserted costs. Plaintiff's billing statement reflects the following itemized costs: (1) copies costing $26.00, (2) copies costing $8.00, and (3) Westlaw transaction fees totaling $1,383.20. The Court finds it appropriate to award Plaintiff's requested costs. *See In re United Health Group Inc. Shareholder Derivative Litigation*, 631 F.3d 913, 918 (8th Cir. 2011) (finding district court did not abuse its discretion in awarding prevailing party reasonable costs of online research).

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff is awarded its reasonable costs and attorneys' fees associated with the removal and remand of this action in the total amount of $22,539.20 to be paid by the Mercy Defendants: Mercy Clinic Fort Smith Communities, Mercy Health Fort Smith Communities, and Sisters of Mercy Health System Saint Louis.

IT IS SO ORDERED this 11th day of March, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE